Judge Whyte
delivered the opinion of the court. This was an action broughtin the county court of Wilson county by the defendant in error, Carter, against the plaintiff in error, Martin. The declaration contained two counts in assumpsit. The first — that Martin was indebted to Carter in the sum of $>165, for work and labor, care and diligence, before that time done, performed and bestowed in and about the business of the said Martin; and in and upon the building and furnishing materials for his house. The second count was on a quantum meruit, for work and labor done, and care and diligence about other business of the said Martin, &.c. <fcc. to his damage $¡200. Pleas non assumpsit and payment, replications and issues. The jury find the issues in favor of the plaintiff, and assess his damages to $28 15, and judgment according to the verdict. Motion jin arrest of judgment for the following reason: that the verdict being for less than fifty dollars, the county court has not jurisdiction. — Judgment arrested, verdict set aside, and appeal to the circuit court. In the circuit court, verdict for $44 374, and before verdict entered, motion for nonsuit, which is overruled; and judgment entered upon the verdict, after motion in arrest overruled — appeal in error to this court. The error assigned is, that the county court had not jurisdiction, because a less sum than $50 was due to the plaintiff, as appears by the verdict. The cases cited in the brief by the counsel for the plaintiff in error, in support of this assignment, are decisions under the act of 1777, ch. 2, sec. 10; and 1794, ch. 1, sec. 6, and do not apply to the present case, which is wholly dependant upon a subsequent act, to wit: the act of 1803, ch. 5, sec. 2, in these words?, — -“Be it enacted that from and after the passage *490 oí this act, it shall not be lawful for any person to institute a suit in any of the county courts of pleas and quarter sessions, in this state, for any sum under fifty dollars; and if any suit should be brought therein for a less sum, said suit shall abate on'the plea of the defendant.” It is understood to be the constant practice under this act of Assembly, that the defendant’s redress for transgressing against its prohibition, is the remedy prescribed by the act itself — that is, by plea in abatement; not by nonsuit or in arrest of judgment. And this mode of proceeding under the statute is in accordance with the principles of the "commonlaw, which requires the objection to the jurisdiction to be taken before plea in bar, to the action; see Coke Lyt. 303, a 1 Com. Dig. Abatement C. and D. 8, where it is laid down, that if a man invert the order of pleading, he shall lose the benefit of the plea omitted; and that he cannet take the advantage of it on the general issue. It is so held in the State of New York, in the case of Smith vs. Elder, 3 John. Rep. 113, which says, “the defendant has submitted to the jurisdiction of this court, and, by pleading a plea in bar, has, in fact, affirmed it; and is, therefore, now precluded from making the objection.*
W. Thompson, for the plaintiff in error.
G. S. Yerger, for the defendant in error.
Let the judgment of the circuit court be affirmed.

This point was so ruled by the court at term, 3831, in ths case of Raines vs. Martin. — Reporter.